**Zola Marvelle BRUNER et al., Appellant,**

v.

**CLEMENT BROTHERS COMPANY et al., Appellee.**

**No. 4838.**

Court of Civil Appeals of Texas.

Waco.

Oct. 30, 1969.

Rehearing Denied Nov. 13, 1969.

Gallagher, Wilson, Berry & Jorgenson, Bob Roberts, Dallas, for appellant.

L. W. Anderson, Dallas, for appellee.

## OPINION

WILSON, Justice.

This action to recover exemplary damages for death of plaintiffs' husband and father, alleged to have resulted from defendants' gross negligence, was dismissed upon plaintiffs' failure to amend after special exceptions to his petition were sustained. Plaintiffs say the special exceptions were erroneously sustained. We affirm.

Deceased was killed while working on the Waco dam and reservoir as an employee of defendant Clement Brothers Company, a corporation, when a truck driven by defendant Green, an employee of Clement Brothers, backed over him. Deceased was "spotting" the truck by giving directions as to the area on which to dump material.

The conduct of defendant Clement Brothers alleged to constitute gross negligence consisted of (a) hiring and retaining an incompetent driver, Green, who was not a licensed driver; (b) allowing trucks to unload without following the orders of the spotter; (c) failing to have a back-up horn or lights, outside mirrors, or other back-up warning device; (d) failing to have safety regulations or (e) safety meetings and instructions; (f) "instructing their drivers to dump materials in a dangerous and hazardous manner;" (g) failing to incorporate previous experiences "into a safety program"; (h) failing to furnish deceased a reasonably safe place to work; (i) failing to ascertain the position of deceased. No other negligence of the truck driver was pleaded. It was alleged generally that defendant corporation acted through "its vice principals".

The court sustained exceptions to the effect that the pleading did not allege who the vice-principals were, and the negligence of the truck driver as alleged was not that of a vice-principal; that "failure to furnish deceased a reasonably safe place to work" was too general; and that the conduct alleged could not constitute gross negligence as a matter of law. Appellant concedes in argument the defendant driver was not a vice-principal.

The pleading does not allege gross negligence authorizing recovery of exemplary damages. Bennett v. Howard, 141 Tex. 101, 170 S.W.2d 709; Sheffield Division, Armco Steel Corporation v. Jones (Tex. Sup.1964) 376 S.W.2d 825; Loyd Electric Company v. DeHoyos, Tex.Civ.App., 409 S.W.2d 893, writ ref.

Upon appellants' failure to amend after the exceptions were sustained, the court correctly dismissed the action.

Affirmed.